UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 21-163

MARGIE BUSH,                                                                           PLAINTIFF,

v.                            **MEMORANDUM OPINION AND ORDER**

**KILOLO KIJAKAZI,
COMMISSIONER OF SOCIAL SECURITY,**                         **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits in June of 2019, alleging disability due to acid reflux, high blood pressure, stomach pain with nausea and vomiting, degenerative disk disease, herniated and bulging discs, a pinched nerve, asthma, anxiety, and depression (Tr. 184). This application was denied twice, then proceeded to a de novo administrative hearing, conducted by Administrative Law Judge Boyce Crocker (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 52 years old at the time of her application. She has an 8th grade education, a minimal history of paid work, and experience maintaining her home and caring for her children and her parents (Tr. 181, 185-86, 305).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since she applied for SSI benefits. (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the lumbar and lower thoracic spine, obesity, anxiety, depression, and unspecified neurodevelopmental disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18-19).

2

The ALJ further found that Plaintiff had no past relevant work but determined that she has the residual functional capacity ("RFC") to perform light work, with certain exceptions such as work involving "only simple work instruction, so as long as they are presented orally or by demonstration." (Tr. 20),

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because he did not find her to be illiterate and, as such, incapable of performing any work activity.

Social Security Ruling (SSR) 20-01p states that the agency "will generally find that an individual who completed fourth grade or more is able to read and write a simple message and is therefore not illiterate," but, the individual may provide evidence of illiteracy, such as (1) receipt of long-term special education related to difficulty learning to read or write at a basic level; (2) lack of work history due to an inability to read or write; (3) valid intelligence test results demonstrating an inability to read or write a simple message; (4) valid reading and writing test results demonstrating an inability to read or write a simple message; and (5) any other evidence demonstrating an inability to read or write a simple message (emphasis added). Further, the agency "will not rely on test results alone to determine that illiteracy is the appropriate education category for an individual." SSR 20-01p, 2020 WL 1083309. The regulations specifically state that a claimant has the burden to prove illiteracy. See SSR 20-01p, 2020 WL 1083309.

The ALJ discussed Plaintiff's allegations of illiteracy at length, addressing all the evidence in the record in this regard.   He noted plaintiff's testimony and statements regarding her struggles to read and write, her need for assistance with paperwork and that she received special education services from the 4th through 8th grade, presumably due to illiteracy. However, in a consultative examination, Plaintiff denied receiving such services. Indeed, the

4

record contains no tests or school records which would support a finding of illiteracy.

The ALJ also noted that Plaintiff had not proven an absence of vocational training, or that her alleged illiteracy impeded her work activity or training. While it is true that Plaintiff stated that she "never worked," the record establishes that she cared for her children and parents. As Defendant points out, a lack of work history due to an inability to read or write may support a finding of illiteracy, but not working for other reasons will not.

The ALJ also noted Plaintiff's ability to spell simple words. Plaintiff also reported that she can read and understand English and that she can write more than just her name in English (Tr. 183). When asked to "[l]ist all of the physical or mental conditions (including emotional or learning problems) that limit [her] ability to work," Plaintiff listed 10 problems, but not a learning, reading, or writing problem (Tr. 184) (emphasis added).

Plaintiff suggests that the RFC limitation to simple work instructions "presented orally or by demonstration" is inconsistent with the ALJ's finding that the evidence did not adequately support a finding of illiteracy. However, the ALJ found Plaintiff had several severe impairments, including mental impairments, any one of which could be the source of the limiting instruction. Plaintiff's conclusory argument ignores the record.

Here, the ALJ reasonably found that Plaintiff had not provided adequate evidence to support a finding of illiteracy (Tr. 25). To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support

5

Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

Plaintiff contends that the ALJ had a duty to further develop the record for a more accurate determination of her ability to read and write. Not in this instance, where Plaintiff was represented by counsel and counsel stated at the beginning of the hearing that the record was complete. (Tr. 35). *See Duncan v. Secretary of Health & Human Services*, 801 F.2d 847, 856 (6th Cor. 1986).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.    Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 28th day of April 2022.



**Signed By:**
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**